UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DEEANTONIO WALLACE ET AL** | **CIV. ACTION NO. 3:23-00529** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **MARQUIS TILLMAN ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT & RECOMMENDATION**

Pending before the undersigned Magistrate Judge, on reference from the District Court, are motions to dismiss for failure to state a claim upon which relief can be granted. The first motion was filed by Plaintffs Deeantonio Wallace, Terryona Mitchell, and Rodney Shaw. [doc. #11] The second motion was filed by Teairra Willeshia Smith on behalf of the minor Ca'Darren O'Shae Shaw, and Natasha Antoinette Spivey on behalf of the minor Demarrion Latrey Shaw. [doc. #27] The two motions are substantively similar. For reasons assigned below, it is recommended that both motions to dismiss [docs. #11, 27] be GRANTED IN PART and DENIED IN PART.

**Background**

On April 7, 2022, an automobile accident occurred in Ruston, Louisiana, involving a Chevy Tahoe and a Freightliner truck ("the Accident"). [doc. #5, p. 5] The Tahoe was driven by Antronique Shaw (deceased) and carried passengers, Deeantonio Wallace, Terryona Mitchell, and Rodney Shaw. *Id.* The Freightliner was driven by Marquis Tillman, who was acting in the course and scope of his employment for R.E. Garrison Trucking, Inc. ("R.E. Garrison"). *Id.* Arch Insurance Co. ("Arch") had previously issued R.E. Garrison an insurance policy with a limit for bodily injury and property damage liability of $3,000,000 per occurrence ("the Policy"). *Id.* at 4.

Antronique Shaw had two minor children, Ca'Darren O'Shae Shaw and Demarrion Latrey Shaw (collectively, "the Minor Children"). [doc. #27-1, p. 1] Ca'Darren Shaw has been in the care of Teairra Willshia Smith since 2014, when he was fifteen days old. *Id.* at 2. Demarrion Shaw has been in the care of Natasha Antoinette Spivey since 2020, when he was approximately ten days old.[1] *Id.* at 1-2.

Deeantonio Wallace, Terryona Mitchell, and Rodney Shaw filed a petition for damages (Suit No. 62,748) related to the Accident in the Third Judicial District Court, Lincoln Parish, Louisiana, on December 13, 2022. [doc. #1-2] The petition was re-filed in the same court on March 29, 2023 (now Suit No. 62,961). [doc. #1-3] Marquis Tillman ("Tillman"), Arch, Advantage Leasing, Inc. ("Advantage Leasing"), and R.E. Garrison (collectively, "Plaintiffs-in-Interpleader") were named as Defendants. *Id.*

Teairra Smith, on behalf of Ca'Darren Shaw, and Natasha Spivey, on behalf of Demarrion Shaw, filed suit against the Plaintiffs-in-Interpleader, Rodney Shaw, and USAgencies Casualty Insurance Co. (Suit No. 62,977) in the Third Judicial District Court on April 5, 2023. [doc. #27-1, p. 1]

Plaintiffs-in-Interpleader removed Suit Nos. 62,748 and 62,961 to this Court on March 24, 2023. [doc. #1] A removal order was issued by this Court on May 1, 2023. [doc. #3]

---

[1] Legal custody of the Minor Children remains contested between Smith and Spivey, and Mattie Jackson, the Minor Children's biological great-grandmother. Smith filed a petition for appointment as legal and dative tutrix of Ca'Darren Shaw in the Fourth Judicial District Court, Ouachita Parish, Louisiana on October 12, 2022 (Matter No. 20223703). [doc. # 27-1, p. 2] Spivey filed a petition for appointment as tutrix of Demarrion Shaw in the same court on the same day (Matter No. 20223407). *Id.* Jackson filed a petition to be confirmed as tutrix of the Minor Children in the same court on October 17, 2022 (Matter No. 20223755). [doc. #5, p. 6] On March 9, 2023, the Fourth Judicial District Court approved adoptive placement and custody of Ca'Darren Shaw with Smith and Demarrion Shaw with Spivey. *Id.* at 3. Jackson filed an exception of no cause of action and no right of action seeking to dismiss the Smith and Spivey applications. *Id.* at 4. This was denied by the Fourth Judicial District Court on June 19, 2023. *Id.* This denial included a preliminary injunction enjoining Jackson from attempting to act as tutrix of the Minor Children, and an order staying any tutorship proceedings pending the outcome of the adoption proceedings. *Id.*

2

Plaintiffs-in-Interpleader submitted a complaint for interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure on May 12, 2023 ("the Interpleader Complaint"). [doc. #5] The Complaint alleges that Deeantonio Wallace, Terryona Mitchell, Rodney Shaw, Teairra Smith on behalf of Ca'Darren Shaw, Natasha Spivey on behalf of Demarrion Shaw, and Mattie Jackson on behalf of the Minor Children (collectively, "the Defendants-in-Interpleader") all have actual or potential claims to the Policy limit in relation to the Accident and that the Policy limit is $3,000,000. *Id.* at 5-6, 8. The Complaint further alleges that Defendants-in-Interpleader are domiciled in Louisiana, while Plaintiffs-in-Interpleader are variously citizens of Alabama and New Jersey. *Id.* at 2. Plaintiff-in-Interpleader requested, *inter alia*, (a) Defendants-in-Interpleader be required to interplead and assert their claims to a fund consisting of the Policy limit and (b) an injunction pursuant to 28 U.S.C. § 2361 be issued enjoining Defendants-in-Interpleader from prosecuting further claims associated with the Accident. [doc. #5, pp. 8-9]

On May 26, 2023, Plaintiffs-in-Interpleader motioned to deposit interpleader funds. [doc. #7] The motion sought to deposit with this Court $3,000,000, the Policy's limit. *Id.* This Court granted the motion to deposit interpleader funds on May 30, 2023. [doc. #8]

Deeantonio Wallace, Terryona Mitchell, and Rodney Shaw filed an initial motion to dismiss for failure to state a claim on June 2, 2023. [doc. #11] In their memorandum supporting the motion, Wallace, Mitchell, and Shaw argue that (1) the injured parties have not agreed that the $3,000,000 limit of the Policy is sufficient to satisfy all claims arising from the Accident and (2) the injunctive relief sought by Plaintiffs-in-Interpleader is procedurally deficient and impermissibly broad. *Id.* at 5-8. Teairra Smith and Natasha Spivey also filed a motion to dismiss for failure to state a claim on July 6, 2023. [doc. #27] Smith and Spivey's memorandum in support

of the motion is substantively similar to the one filed by Wallace, Mitchell, and Shaw. [doc. #27-1, pp. 5-7]

Plaintiffs-in-Interpleader filed their oppositions to both motions to dismiss on July 25, 2023. [docs. #29-30] Therein, Plaintiffs-in-Interpleader argue that (1) they have sufficiently pled a claim under Rule 22 of the Federal Rules of Civil Procedure and (2) injunctive relief prohibiting further claims against the Plaintiffs-in-Interpleader and dismissal of the same from the instant suit is proper due to affirmative defenses not specified in the memorandum. *Id.*

On August 1, 2023, Wallace, Mitchell, and Shaw filed their reply to the opposition. [doc. #31]

Briefing is complete. Accordingly, this matter is ripe.

## **Discussion**

The Plaintiffs-in-Interpleader argue that Defendants-in-Interpleader's complaint for interpleader should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because (a) there is no agreement that the limit of the Policy provides sufficient satisfaction of claims arising from the Accident and (b) the sought-after injunctive relief is improper.

    I.    Legal Standard

        A. *Rule 22 Interpleader*

When a plaintiff holds property (a stake) in which multiple persons have claims that "may expose [the stake-holding] plaintiff to double or multiple liability," the Federal Rules of Civil Procedure allow that plaintiff to join the claim-holding persons into an interpleader action. Fed. R. Civ. P. 22. To state a cause of action for interpleader, a plaintiff-in-interpleader must "demonstrate that he has been or may be subjected to adverse claims" to the same stake. *Dunbar v. U.S.*, 502 F.2d 506, 511 (5th Cir. 1974). A demonstration that the claims *could* be brought

about is sufficient. *See id.* ("[I]nterpleader is available to a stakeholder even though no action has been brought against him nor any formal demand made upon him by some or all of the potential claimants . . . ."). The plaintiff-in-interpleader must also demonstrate an amount in controversy over $75,000, and complete diversity between the stakeholder and the claimants. *See Lummis v. White*, 629 F.2d 397, 400-01 (5th Cir. 1980), *rev'd on other grounds by Cory v. White*, 457 U.S. 85 (1982). "Interpleader should be employed for 'the avoidance of the burden of unnecessary litigation or the risk of loss by the establishment of multiple liability when only a single obligation is owing." *Airborne Freight Corp. v. United States*, 195 F.3d 238, 240 (5th Cir. 1999) (quoting *Texas v. Florida*, 306 U.S. 398, 412 (1939)).

    *B. Rule 12(b)(6)*

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148 (5th Cir. 2010). Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to

legal conclusions. *Id.* at 663. A court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 320 (1989).

   II.   Analysis

      A. *Sufficiency of Pleadings*

In the Interpleader Complaint, Plaintiffs-in-Interpleader invoke the interpleader procedure set forth in Rule 22 of the Federal Rules of Civil Procedure. Plaintiffs-in-Interpleader allege that (a) conflicting claims by Defendants-in-Interpleader arising from the Accident exist regarding entitlement to the Policy limit, (b) the limit of the Policy is $3,000,000, and (c) there is complete diversity between the Plaintiffs-in-Interpleader and the Defendants-in-Interpleader. These allegations are sufficient to state a claim upon which relief can be granted.[2]

Defendants-in-Interpleader seemingly argue that because there has not been an agreement that a fund containing the $3,000,000 policy limit is sufficient to satisfy all potential claims, an interpleader action concerning the same fund is inappropriate, and, thus, the Complaint should be dismissed for failure to state a claim. [doc. #11-1, p. 5; doc. #27-1, pp. 4-5] This contention is faulty for two reasons.

First, it is clear from case law and the Federal Rules of Civil Procedure that successfully stating a claim under Rule 22 does not necessitate alleging an agreement between the adverse parties as to the total scope of liability relating to the underlying dispute. Rather, a plaintiff-in-interpleader must allege that it holds property related to an underlying dispute to which multiple persons hold claims. Here, Plaintiffs-in-Interpleader hold $3,000,000, representing the limit of the policy covering the Accident giving rise to the present dispute. Defendants-in-Interpleader

---

[2] A more fulsome discussion of Defendants-in-Interpleader's concerns regarding the impact of this interpleader action on potential additional claims against the Plaintiffs-in-Interpleader follows *infra* in Section II.D.

hold claims in that stake. Plaintiffs-in-Interpleader have alleged as much and need not allege any more regarding the value of the particular stake at issue in the interpleader action.

Second, there is no requirement for universal resolution of claims in a matter prior to invocation of interpleader. Insurance companies need not "wait until persons asserting claims against its insured have reduced those claims to judgment before seeking to invoke the benefits of federal interpleader." *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531-32 (1967). "Were an insurance company required to await reduction of claims to judgment, the first claimant to obtain such a judgment or to negotiate a settlement might appropriate all or a disproportionate slice of the fund before his fellow claimants were able to establish their claims." *Id.* at 533. Interpleader exists, in part, to ensure that all claimants to a stake receive a fair shake at receiving their share of the property. When the boundaries of a discrete stake can be ascertained, an interpleader action to determine proper allocation of that stake is permissible. Indeed, Defendants-in-Interpleader themselves point out that "Arch's interest in this case, which is 'the fulcrum of the interpleader [action],' *is limited to the $3,000,000 policy limits for its coverage of the tortfeasors*." [doc. #11-1, p. 6 (quoting *State Farm*, 386 U.S. at 535 (emphasis added)] In *State Farm*, the Supreme Court further explained that a plaintiff-in-interpleader's interest (here, Arch's interest) "receives full vindication when the court restrains claimants from seeking to enforce against the insurance company any judgment obtained against its insured, except in the interpleader proceeding itself." 386 U.S. at 535. As the scope of Arch's interest in this case is clear, it is appropriate to commence an interpleader action to determine allocation of that stake among the claimants.

Plaintiffs-in-Interpleader sufficiently state a Rule 22 interpleader claim, and it is RECOMMENDED that Defendants-in-Interpleader's motions be denied to the extent that they seek to dismiss the Complaint for failure to state such a claim.

*B. Plaintiffs-in-Interpleader's Requested Injunctive Relief*

Plaintiffs-in-Interpleader do more than request an interpleader action to settle claims to the Policy limit. Specifically, they request the following injunctive relief:

> [Issuance of an injunction] pursuant to 28 U.S.C. § 2361 enjoining and restraining the Defendants-in-Interpleader/Claimants, their agents, attorneys, successors, personal representatives, heirs, devisees, legatee[s], and assigns from asserting, instituting or prosecuting any and all demands, claims, actions or causes of action[] pertaining to, or in any manner relating to, or arising out of, the Accident and/or the subject Policy against Arch Insurance Company and/or any of its Insureds.

[doc. #5, p. 9] The text of 28 U.S.C. § 2361 makes clear that injunctive relief under that section is limited to statutory interpleader actions brought under 28 U.S.C. § 1335.[3] Put another way, injunctive relief pursuant to § 2361 does not apply to interpleader proceedings brought under Rule 22 of the Federal Rules of Civil Procedure, i.e. "rule interpleader." Accordingly, a broad injunction under § 2361 enjoining Defendants-in-Interpleader from asserting all claims against the Plaintiffs-in-Interpleader would be without basis in law.[4]

---

[3] The full text of 28 U.S.C. § 2361 reads as follows:

> In any civil action of interpleader or in the nature of interpleader *under section 1335 of this title*, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. Such process and order shall be returnable at such time as the court or judge thereof directs, and shall be addressed to and served by the United States marshals for the respective districts where the claimants reside or may be found.

> Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

(emphasis added).

[4] The possibility of injunctive relief is not totally foreclosed to Defendants. Although Defendants do not have a plausible claim under § 2361, there may be other valid bases for such relief. It would be improper to preclude any

The injunctive relief sought by Plaintiffs-in-Interpleader is not supported by statutory authority, and it is RECOMMENDED that Defendants-in-Interpleader's motions be granted to the extent that they seek to dismiss relief pursuant to 28 U.S.C. § 2361 requested in the Interpleader Complaint.

C. *Order to Deposit Interpleader Funds*

Deeantonio Wallace, Terryona Mitchell, and Rodney Shaw request a stay of this Court's May 30, 2023 Order to Deposit Interpleader Funds into the Registry of Court. [doc. #11, p. 8] As established *supra*, Plaintiffs-in-Interpleader have successfully pleaded a cause of action under Rule 22 of the Federal Rules of Civil Procedure. Accordingly, staying the deposit of the stake at issue in the interpleader action would be improper. It is RECOMMENDED that Wallace, Mitchell, and Shaw's motion be denied to the extent that it requests a stay of this Court's Order to Deposit Interpleader Funds into the Registry of Court.

D. *Scope of Relief*

Defendants-in-Interpleader express concerns that the tortfeasors may escape potential additional liability through the shield of an interpleader action. [doc. #11-1, p. 8; *see also* doc. #27-1, p.4] There are numerous cases addressing interpleader actions initiated following an incident in which an insurance company has issued a policy providing coverage whose limit is potentially exceeded by the claims against its insured. *See, e.g., State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523 (1967); *Travelers Indem. Co. v. Greyhound Lines, Inc.*, 377 F.2d 325 (5th Cir. 1967); *Metro. Prop. & Cas. Ins. Co. v. Veligrov*, 2006 WL 564016 (W.D. La. 2006). These

---

potential alternative relief as such relief has not been placed before this Court in an appropriate procedural posture for adjudication. Defendants have yet to request injunctive relief outside the parameters of § 2361. This Court will assess the merits of alternative bases for relief should Defendants request such relief. *See Endurance Am. Ins. Co. v. Cheyenne Partners, LLC.*, No. 6:20-cv-00571, 2020 WL 6483103, at *3 (W.D. La. Aug. 21, 2020), *R&R Adopted*, 2020 WL 7234421 (W.D. La. Dec. 8, 2020) (noting availability of injunctive relief to plaintiff-in-interpleader outside parameters of § 2361).

cases make clear that injured parties are permitted to pursue claims not satisfied by a related interpleader action. *See Nat'l Specialty Ins. Co. v. Knoten*, No. 09-2556, 2010 WL 1267827, at *1 (E.D. La. Mar. 24, 2010) (quoting *State Farm*, 386 U.S. at 534) ("Although interpleader may entitle a party to certain limited relief, it does not entitle a party to an order 'both enjoining prosecution of suits against [the stake] outside the confines of the interpleader proceeding and *also extending such protection to its insured, the alleged tortfeasor*.'" (emphasis added)). Here, while the interpleader action resolves Arch's liability with regards to the limit of the Policy, it does not resolve further potential liability incurred by Plaintiffs-in-Interpleader. Defendants-in-Interpleader should be assured that avenues to satisfaction of such additional claims remain open, just as Plaintiffs-in-Interpleader should be mindful of the same when seeking injunctive relief as litigation progresses.

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the motions to dismiss for failure to state a claim upon which relief can be granted filed by Defendants-in-Interpleader Deeantonio Wallace, Terryona Mitchell, and Rodney Shaw [doc. #11], and Defendants-in-Interpleader Teairra Willeshia Smith on behalf of the minor Ca'Darren O'Shae Shaw and Natasha Antoinette Spivey on behalf of the minor Demarrion Latrey Shaw [doc. #27] be **GRANTED IN PART** and **DENIED IN PART** as follows:

Plaintiffs-in-Interpleader's request for injunctive relief under 28 U.S.C. § 2361 should be **DISMISSED WITHOUT PREJUDICE**. Defendants-in-Interpleader's motions should otherwise be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties

have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 6th day of September, 2023.

*/s/ Kayla Dye McClusky*
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE